## McDONALD v. LOGAN COUNTY.

Decided March 19, 1892.

*Clerk's fees—Liability of county—Money had and received.*

Where a county receives the money for the redemption of lands sold to it for the amount due under an execution for the costs of a felony case, it becomes liable for all clerk's fees included in that amount, notwithstanding the clerk may have charged excessive or illegal fees.

APPEAL from *Logan* Circuit Court.

HUGH F. THOMASON, Judge.

J. D. and H. W. Fort were indicted jointly for burglary in Logan circuit court; after change of venue was taken to the Greenwood district of Sebastian county, they severed and were each convicted.

Executions with fee bills attached were issued upon the judgments as follows: (1) Against J. D. and H. W. Fort jointly for $358.30, the amount of costs accrued before severance; (2) against H. W. Fort for $811.60, costs accrued after severance; (3) against J. D. Fort for $1458.75, costs accrued after severance. The three executions were levied upon property belonging to the execution defendants, and at the sale on December 14, 1889, a commissioner for Logan county became the purchaser, bidding the full amount of the first two executions, and $860 on the third execution. On July 14, 1890, the property was redeemed by paying the amount of the bids with 15 per cent. interest to A. A. McDonald, clerk of the Sebastian circuit court, by whom it was paid to appellee.

On April 7, 1890, McDonald filed in the Logan county court his claim for $171.80 for services rendered as circuit clerk in the causes above mentioned. On July 7, 1890, the county court allowed his claim for $116 and disallowed the sum of $55.80. Appeal was taken to the circuit court. At the trial it was conceded that the items of fees disallowed were included in the amounts of the several executions issued against J. D. and H. W. Fort, and received by the

S C—37

county. The court, trying the cause without a jury, found that the clerk had made certain illegal charges, and sustained the action of the county court in disallowing items amounting to $55.80. The clerk has appealed.

*Anthony Hall* for appellant.

Logan county stood in the relation of a purchaser as to this claim. The fees, whether legal or not, were paid by the defendants in execution; Logan county received them, and hence is liable to appellant for them. This is not a case where the county is liable for the costs under the statute. It is liable because it has collected fees belong to appellant. Mansf. Dig., secs. 3260, 3235.

HEMINGWAY, J. The basis of the claim in this cause is the liability of the county to account for and pay over money received for the use of plaintiff, and not its statutory liability to pay costs in certain felony cases. When the county received the money for the redemption of lands sold under execution, it became bound to pay it out to the persons interested in the executions, as their interest therein appeared. If the clerk taxed fees that were excessive or illegal, that was an injury to the defendants in the executions, of which they might properly have complained. But when they submitted to the wrong, and permitted sales to be made under the executions as made out, and subsequently redeemed the lands from the county, its duty and only concern was to pay the money to those interested in the executions. Whether the parties were entitled to demand it of the defendants in execution was no concern of the county. It certainly had no right to the money; and as it received it for the benefit of those named in the executions, it was bound in law and morals to pay it to them.

For the fees claimed in the executions that were satisfied by the sale, the plaintiff is entitled to the amounts therein shown due to him; for those contained in the execution paid in part by the sale, he is entitled to such part of the sum paid thereon to the county as his fees therein bear to

the entire amount collectible thereon.   If the entire amount of that execution cannot be made out of the defendant therein, and the plaintiff shall attempt to collect the balance claimed by him from the county under its liability for costs in criminal cases, the county may contest the legality of any item in his bill; but so long as he is attempting to enforce its collection against the defendant therein, the county has no right to contest the matter, but must pay out sums received from the defendants for the purposes for which they were received.

Reverse and remand.